Filed 3/4/10          NO. 4-09-0707

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

AMANDA HOPE,                              )     Appeal from
        Plaintiff-Appellant,             )     Circuit Court of
        v.                               )     Sangamon County
JAMES HOPE and KAREN HOPE,               )     No. 07L253
        Defendants-Appellees.            )
                                         )     Honorable
                                         )     Leslie J. Graves,
                                         )     Judge Presiding.
_____

        JUSTICE POPE delivered the opinion of the court:

        In November 2006, plaintiff, Amanda Hope, fell on the

steps of her parents' home and was injured.  In October 2007,

Amanda filed a one-count premises-liability complaint against

defendants, James Hope and Karen Hope.

        James and Karen moved for summary judgment, arguing the

mud on the steps was open and obvious and also arguing Amanda was

unable to establish a required element for a premises-liability

claim, i.e., lack of knowledge of the alleged defect.  In August

2009, the trial court granted the motion for summary judgment.

        Amanda appeals, arguing that summary judgment was

inappropriate because the distraction exception applies.

        We disagree and affirm.

                        I. BACKGROUND

        Plaintiff, Amanda Hope, is the young adult daughter of

defendants, James Hope and Karen Hope.  In November 2006, Amanda

went to her parents' home in Springfield for a visit.  James and

Karen own the home.  Amanda arrived at approximately 10 a.m.

Karen was gardening in the yard when Amanda arrived. The yard had no grass. Karen had been gardening since approximately 8 or 8:30 a.m. James had left the house for work at 7:30 a.m.

Four concrete steps lead from the sidewalk up to the front porch of the house. Each time Karen took a break from gardening she wiped mud from her shoes on these concrete steps. Hereinafter, for the purpose of clarity, the steps will be referred to in numerical order where step one is the bottom step and step four is the top step. Greeting Amanda in the yard, Karen warned Amanda of the mud on the steps. Amanda testified that she saw mud on step one, and Amanda then entered the house by climbing the steps without incident.

While Amanda was in the house, Karen continued to do her gardening. During her breaks, Karen wiped more mud on the steps. When step one was laden with mud, Karen wiped mud from her shoes on step two. After mud accumulated on step two, Karen wiped some mud on step three. Mud covered approximately one-third the width of the steps, starting from the handrail side. When looking up the steps, the handrail is on the left side. Amanda did homework, watched television, ate, and slept while Karen continued to work in the yard.

At some point later in the day, Karen's friend Paul Smarjesse visited the house. Paul told Karen that she should clean the steps before someone got hurt. Amanda testified she heard Paul give this warning to Karen. Karen testified she forgot to clean the steps.

When James returned to the house from work at approximately 5:15 or 5:30 p.m., he saw mud on step one and step two. Karen was still working in the yard when James arrived. James told Karen that she should clean the steps before someone slipped and fell. Karen told James she would clean the steps. James believes Karen cleaned the steps but then later wiped mud on them again.

Somewhere between 6 p.m. and 7 p.m., Amanda, James, Karen, and some guests were in the process of leaving the house to go play in a dart tournament. James Robertson, a friend of the family who lived at the house, went down the steps first. Amanda went down the steps next and fell as she did so. Amanda was holding onto the handrail when she fell. Her arm got twisted during the fall. Amanda had mud on her back after the fall. Amanda believes she lost her footing on step three. James testified he believes Amanda lost her footing on step two. After the fall, James cleaned the steps himself. When doing the cleaning, James did not recall seeing any mud on step three. James did recall seeing mud on step one and step two.

Amanda complained of shoulder and arm pain. Amanda went to the hospital that night. Amanda later received treatment from a chiropractor. Amanda gave a statement to an insurance company that she was talking and not paying attention when she was walking down the steps. She also told the insurance company she forgot there was mud on the steps.

In October 2007, Amanda filed a one-count premises-

liability complaint against James and Karen. James and Karen moved for summary judgment, arguing the mud on the steps was open and obvious and also arguing Amanda was unable to establish the third element for premises liability. In August 2009, the trial court granted the motion for summary judgment. The August 2009 order does not mention the basis on which the motion was granted. This appeal followed.

## II. ANALYSIS

We review the grant of summary judgment de novo. Smith v. Neumann, 289 Ill. App. 3d 1056, 1063, 682 N.E.2d 1245, 1249 (1997).

Plaintiff argues summary judgment was inappropriate because defendants were not relieved of the duty of reasonable care owed to plaintiff because defendants should have anticipated that the mud-covered steps would cause physical harm to plaintiff notwithstanding the known or obvious danger. Plaintiff further argues genuine issues of material fact remain as to whether plaintiff knew of mud on the "top steps" and whether plaintiff remembered mud on any steps at all at the time of her fall. Plaintiff does not argue the muddy steps were not open and obvious.

To recover in a premises-liability case, a plaintiff must prove the following elements:

(1) A condition on the property presented an unreasonable risk of harm to people on the property;

(2) The defendant knew or in the exercise of

- 4 -

ordinary care should have known of both the condition and the risk;

(3) The defendant could reasonably expect that people on the property would not discover or realize the danger or would fail to protect themselves against such danger;

(4) The defendant was negligent in one or more ways;

(5) The plaintiff was injured; and

(6) The defendant's negligence was a proximate cause of the plaintiff's injury.

See Simich v. Edgewater Beach Apartments Corp., 368 Ill. App. 3d 394, 408, 857 N.E.2d 934, 945 (2006), quoting Illinois Pattern Jury Instructions, Civil, No 120.08 (2005).

In general, landowners have no duty regarding open and obvious dangers. Bucheleres v. Chicago Park District, 171 Ill. 2d 435, 447-48, 665 N.E.2d 826, 832 (1996). An exception to this rule lies if the property owner has "reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered or will fail to protect himself against it." Rexroad v. City of Springfield, 207 Ill. 2d 33, 45, 796 N.E.2d 1040, 1046 (2003).

Plaintiff's entire argument relies on this distraction exception: plaintiff failed to discover mud on the "top steps" and plaintiff forgot about mud on any steps due to being distracted.

Defendants argue (1) plaintiff cannot establish the third element (listed above) for a premises-liability claim and (2) the distraction exception is inapplicable to the facts of this case.

Defendants contend because the danger was open and obvious, and because plaintiff was warned about mud on the steps by both Karen and Paul, defendants could not reasonably expect plaintiff would not discover or realize the danger or would fail to protect herself against the danger. Thus, defendants argue plaintiff fails to establish the third element for premises liability, which states the defendant could reasonably expect people on the property would not discover or realize the danger or would fail to protect themselves against such danger. Simich, 368 Ill. App. 3d at 408, 857 N.E.2d 934 at 945.

Defendants also argue the distraction exception does not apply because no sworn testimony in the record suggests plaintiff was distracted. Defendants acknowledge plaintiff said she forgot mud was on the steps in her statement to an insurance company; however, defendants point out this statement is not sworn testimony. Defendants also contend that far from being distracted and failing to protect herself, plaintiff was holding onto the handrail while walking down the steps.

The trial court did not provide its reasoning in the summary-judgment order. "[W]e review the trial court's judgment, not its reasoning, and we may affirm on any basis called for by the record." Forsberg v. Edward Hospital & Health Services, 389

Ill. App. 3d 434, 440, 906 N.E.2d 729, 734 (2009).

We agree with defendants the distraction exception is not applicable in this case. Plaintiff asserts she was distracted by the common, everyday activities of eating, studying, watching television, and sleeping. Plaintiff has made no argument as to how defendants would have reason to expect these ordinary activities by plaintiff would have distracted her to the point plaintiff would not discover obvious danger, would forget the muddy condition of the steps, or would fail to protect herself as required for the distraction exception to be applicable (see Rexroad, 207 Ill. 2d at 45, 796 N.E.2d at 1046), particularly where she was warned of the danger by two different people and observed the mud on the steps herself.

The issue is not whether plaintiff was distracted. The issue is whether defendants would have reason to expect plaintiff would be distracted. "Generally a party need not anticipate the negligence of others." Ward v. K mart Corp., 136 Ill. 2d 132, 152, 554 N.E.2d 223, 232 (1990).

Defendants would not reasonably foresee that eating, studying, watching television, and sleeping would create a distraction leading to injury. If such mundane activities, undertaken at a different location than the place of injury, were sufficient to invoke the distraction exception, then the distraction exception would almost completely subsume the open-and-obvious doctrine.

In contrast, the distraction cases relied upon by

plaintiff both involve distractions occurring at the time and place of injury.  In <u>Rexroad</u>, a boy stepped in a hole while running an urgent errand.  <u>Rexroad</u>, 207 Ill. 2d at 37, 796 N.E.2d at 1042.  In <u>Ward</u>, a customer collided with a concrete post, located near the store entrance, while carrying a large purchase that obstructed his view.  <u>Ward</u>, 136 Ill. 2d at 135, 554 N.E.2d at 224.  In the instant case, plaintiff was not eating, studying, watching television, or sleeping at the time she fell on the steps.

III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

MYERSCOUGH, P.J., and KNECHT, J., concur.