KATHLEEN KLEIBER, Plaintiff-Appellant, v. FREEPORT FARM AND FLEET, INC., a/k/a Farm and Fleet of Morton, Defendant-Appellee.

Third District   No. 3—09—0747

Opinion filed December 2, 2010.

HOLDRIDGE, P.J., dissenting.

Ralph D. Davis (argued), of Janssen Law Center, of Peoria, for appellant.

Adam P. Chaddock (argued), and Gregory A. Cerulo, both of Quinn, Johnston, Henderson, Pretorius & Cerulo, of Peoria, for appellee.

JUSTICE CARTER delivered the opinion of the court:

Plaintiff, Kathleen Kleiber, brought suit against defendant, Freeport Farm & Fleet, Inc., also known as Farm & Fleet of Morton, for injuries she sustained when she fell and broke her leg on defendant's property. The trial court granted defendant's motion for summary judgment. Plaintiff appeals. We affirm the trial court's ruling.

## FACTS

On May 2, 2008, plaintiff and her husband were shopping at the Farm and Fleet store (the store) in Morton, Illinois, and were starting to load bags of topsoil into their vehicle from a pallet located outside the front of the store. To obtain the bags of topsoil, plaintiff and her husband walked across an empty wooden pallet that was lying on the ground. After plaintiff picked up a bag of topsoil and turned to go back across the pallet to the vehicle, her foot went through one of the holes (slats) in the pallet. As a result, plaintiff twisted her leg, fell, and was injured. Plaintiff filed a complaint for damages in this case in September of 2008. The complaint was based upon premises liability.

Defendant filed a motion for summary judgment, alleging that: (1) plaintiff could not offer evidence that her fall and injuries were caused by a defect on defendant's property, (2) plaintiff's own contributory fault caused her fall and injuries; and (3) defendant owed no duty to plaintiff because the alleged dangerous condition was open and obvious. Defendant's motion was supported by a memorandum of law and by the deposition testimony of plaintiff and her husband.

Of relevance to this appeal, plaintiff testified in her deposition that on May 2, 2008, at about 11 a.m., she and her husband, Michael, went to the Farm & Fleet store in Morton, Illinois, to get some bags of topsoil. Plaintiff and her husband had purchased topsoil at that location in the past. The weather that day was overcast and cloudy and it had rained earlier that morning. The topsoil was located outside in front of the store on pallets. Plaintiff and her husband pulled the truck that they were driving in front of the store to load the topsoil with the intention of paying for it after it was loaded. Plaintiff did not speak to anyone from the store before trying to load the topsoil and did not request any assistance in loading the topsoil. An empty pallet was on the ground in front of the pallet containing topsoil, which was back by the store building. Plaintiff walked across the empty pallet, picked up a bag of topsoil by the edges from about waist high, and turned to her right to go back to the truck. As plaintiff took her first

step back toward the truck, her foot went into one of the holes in the pallet and she fell.

During her deposition, plaintiff was specifically asked about the location of the pallet in relation to the store. The following conversation ensued:

"Q. Could you access the back pallet from either side?

MR. DAVIS [plaintiff's attorney]: Do you understand the question?

A. Yes, I do. I'm—I'm trying to think. I—I walked directly to the bags.

Q. Over the empty pallet?

A. Yes.

Q. Okay. And my question is, could you access the back pallet from either side?

A. I don't believe so.

Q. Okay. And what prevented you from accessing the back pallet where the topsoil was stacked?

A. Because it was by the door—the doors on the side. And—

Q. Well, let me ask it this way. Maybe I can ask a better question. As you're standing looking at the building—

A. Yes.

Q. —okay—the pallet that the topsoil is stacked is immediately adjacent or next to the building?

A. Yes.

Q. And in front of the pallet where there's soil stacked—

A. Yes.

Q. —there's an empty pallet?

A. Yes.

Q. And in front of the empty pallet is where you've parked your pickup?

A. Yes.

Q. Okay. As you're standing looking at the building and looking at the pallet of topsoil, was there anything immediately to the right of the pallet of topsoil that prevented you from obtaining the topsoil in the pallet?

A. Another pallet.

Q. And what was on that pallet, do you know?

A. It was the same setup.

Q. So immediately adjacent to the area where you fell was another empty pallet with a full pallet of topsoil behind it?

A. I believe that's right.

Q. Okay. As you looked at it, was there anything from the left that prevented you from accessing the back pallet from the side, essentially?

A. I don't think so."

Plaintiff went on to acknowledge during her deposition testimony that she viewed the empty wooden pallet before she stepped onto it and estimated that the empty pallet was about four inches high and about four feet across and about four feet wide. Plaintiff did not notice if the pallet was wet because she was looking at the topsoil.

During her deposition, plaintiff was specifically questioned about what caused her to fall. The following conversation ensued:

"Q. What specifically caused your fall, ma'am?

A. My foot went in the space of the pallet and I lost my balance.

Q. What caused your foot to go in the space?

A. I would say just the step that I took when I turned.

Q. You told us that you turned right.

A. Correct.

Q. Did you step first with your right foot or your left foot?

A. I believe my right.

Q. And was it that first step that caused your fall?

A. I believe so.

Q. Okay. So the first step you took, you placed it in the—the notch or the groove between the boards and that caused you to fall.

A. Yes.

Q. Okay. And having approached the topsoil from over the pallet the first time, you were aware that there were notches or spaces between the boards on the pallet. Correct?

A. Yes.

Q. Where were you looking at the time of your fall?

A. I guess I don't understand the question.

Q. Well, you would agree with me that you weren't looking down at your feet at the time of your fall; otherwise, you wouldn't have chosen to step where you did step. Correct?

* * *

A. Yes.

Q. So we can assume that you weren't looking down at your feet. Were you looking at your husband? Were you looking at the pickup truck? Were you looking at the bag of soil? Where was you attention at the time of the fall?

A. I believe just straight out (Indicating).

Q. So straight out?

A. As I turned.

Q. Okay. So straight out to the pickup truck as you faced forward toward the truck?

A. Yes.

Q. And you were facing forward taking that first step at the time you fell?

A. It all went in one motion (Indicating) as I—as I turned (Indicating).

Q. So did the fall happen as you turned or as you took your first step?

A. As I took my first step to—to turn.

Q. Well, was the step—. In which direction were you stepping at the time of the fall? Were you stepping toward the pickup truck?

A. Yes.

Q. Other than your stepping in the gap between the two boards, is there anything else that you claim caused your fall? This is my one chance to talk to you, so I want to make sure I get everything.

A. Anything else as in—. I—no."

In his deposition, plaintiff's husband, Michael, gave a similar account of how plaintiff's injury occurred. Plaintiff's husband, however, testified that there were pallets or other materials on each side of the topsoil and that the only way to access the bags of topsoil was from the front by walking across the empty pallet. Plaintiff's husband testified further that he witnessed the fall but did not see what caused his wife to fall.

Plaintiff filed a response to defendant's motion for summary judgment and refuted defendant's arguments. Defendant filed a reply to plaintiff's response. A hearing was held on defendant's motion for summary judgment in August of 2009. Plaintiff did not request time to conduct additional discovery and did not file a Supreme Court Rule 191(b) (210 Ill. 2d R. 191(b)) affidavit as to the need for additional discovery or seek to continue the hearing on the motion for summary judgment. After hearing the arguments of the attorneys, the trial court granted the motion and entered summary judgment in favor of defendant. Plaintiff appealed.

## ANALYSIS

On appeal, plaintiff argues that the trial court erred in granting summary judgment for defendant on plaintiff's complaint alleging premises liability. Plaintiff asserts that summary judgment should not have been granted because a genuine issue of material fact remains as to whether a duty existed on the part of defendant. Plaintiff does not dispute that the pallet in question presented an open and obvious danger but, rather, argues that the evidence and inferences presented in the summary judgment proceeding were sufficient to give rise to a genuine issue of material fact as to whether the distraction or the deliberate-encounter exception to the open and obvious danger rule applied in the present case. In the alternative, plaintiff asserts that the grant of summary judgment was premature because plaintiff had not yet had the opportunity to conduct certain discovery.

Defendant argues that the trial court's ruling was proper and should be affirmed. Defendant asserts that summary judgment was

correctly granted because plaintiff was unable to show that defendant's alleged negligence caused her injuries. That is, defendant asserts that plaintiff cannot show that any defect or abnormal condition of the wooden pallet caused her to fall or that defendant did or failed to do anything that caused plaintiff to fall. Defendant asserts further that based upon the evidence presented, there was no genuine issue of material fact and that as a matter of law defendant owed no duty to plaintiff since the danger in question was open and obvious and since the exceptions cited by plaintiff did not apply in the present case. In addition, defendant contends that summary judgment was proper because there was no question that plaintiff's own contributory fault caused plaintiff to fall. And finally, as to plaintiff's alternative argument that the grant of summary judgment was premature, defendant asserts that plaintiff has forfeited that argument on appeal because plaintiff failed in the trial court to seek to have the summary judgment hearing continued so that she could conduct discovery and failed to file a Supreme Court Rule 191(b) affidavit in support of a claim that additional discovery was needed prior to a hearing on the summary judgment motion. In the event that this court rejects defendant's forfeiture argument, defendant also asserts that no additional discovery was needed in this case.

The purpose of summary judgment is not to try a question of fact but, rather, to determine if one exists. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 42-43, 809 N.E.2d 1248, 1256 (2004). Summary judgment should be granted only where the pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and that the moving party is clearly entitled to a judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 2008); *Adams*, 211 Ill. 2d at 43, 809 N.E.2d at 1256. Summary judgment should not be granted if the material facts are in dispute or if the material facts are not in dispute but reasonable persons might draw different inferences from the undisputed facts. *Adams*, 211 Ill. 2d at 43, 809 N.E.2d at 1256. Although summary judgment is to be encouraged as an expeditious manner of disposing of a lawsuit, it is a drastic measure and should be allowed only where the right of the moving party is clear and free from doubt. *Adams*, 211 Ill. 2d at 43, 809 N.E.2d at 1256. In appeals from summary judgment rulings, the standard of review is *de novo*. *Adams*, 211 Ill. 2d at 43, 809 N.E.2d at 1256.

To prevail on a claim of negligence, a plaintiff must prove, among other things, that defendant owed a duty of care to the plaintiff. See *Ward v. K mart Corp.*, 136 Ill. 2d 132, 140, 554 N.E.2d 223, 226 (1990); *LaFever v. Kemlite Co.*, 185 Ill. 2d 380, 388, 706 N.E.2d 441, 446

(1998); *True v. Greenwood Manor West, Inc.*, 316 Ill. App. 3d 676, 679, 737 N.E.2d 673, 675 (2000). Unless a duty exists, a plaintiff cannot recover. *Buerkett v. Illinois Power Co.*, 384 Ill. App. 3d 418, 422, 893 N.E.2d 702, 709 (2008). The determination of whether a duty exists is a question of law to be decided by the court. *Ward*, 136 Ill. 2d at 140, 554 N.E.2d at 226; *LaFever*, 185 Ill. 2d at 388, 706 N.E.2d at 446; *True*, 316 Ill. App. 3d at 679, 737 N.E.2d at 675-76. In making that determination, a court should consider the following factors: (1) the reasonable foreseeability of injury to another, (2) the reasonable likelihood of injury, (3) the magnitude of the burden that guarding against injury places on the defendant, and (4) the consequences of placing that burden on the defendant. *Ward*, 136 Ill. 2d at 140-41, 554 N.E.2d at 226-27; *LaFever*, 185 Ill. 2d at 389, 706 N.E.2d at 446; *True*, 316 Ill. App. 3d at 679, 737 N.E.2d at 676.

■ "The first factor in determining duty is foreseeability. No legal duty arises unless the harm is reasonably foreseeable. [Citation.] Foreseeability is decided by the reasonableness of the landowner's actions, not by the entrant's actions." *Buerkett*, 384 Ill. App. 3d at 422, 893 N.E.2d at 709. "Under the Premises Liability Act, the owner or lessee of premises owes a duty of 'reasonable care under the circumstances' to those lawfully on the premises." *Simmons v. American Drug Stores, Inc.*, 329 Ill. App. 3d 38, 43, 768 N.E.2d 46, 51 (2002), quoting 740 ILCS 130/2 (West 2000). In a situation where a plaintiff alleges that an injury was caused by a condition on the defendant's property, and the plaintiff was an invitee on the property, whether the injury is reasonably foreseeable is determined pursuant to section 343 of the Restatement (Second) of Torts (hereinafter referred to as the Restatement), which sets forth the general rule on the duty of care owed by possessors of land to invitees. See Restatement (Second) of Torts §343 (1965); *Ward*, 136 Ill. 2d at 145-46, 554 N.E.2d at 226-27; *LaFever*, 185 Ill. 2d at 389-90, 706 N.E.2d at 447; *True*, 316 Ill. App. 3d at 679, 737 N.E.2d at 676. Section 343 of the Restatement provides:

> "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger." Restatement (Second) of Torts §343 (1965).

An exception to the general rule set forth above was adopted by the Illinois Supreme Court in *Ward v. K mart Corp.* See *Ward*, 136 Ill. 2d at 142-43, 554 N.E.2d at 227-28. That exception, known as the open and obvious danger rule, is set forth in section 343A of the Restatement, which provides as follows:

> "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."

Restatement (Second) of Torts §343A(1) (1965). Illinois courts adopted the open and obvious danger rule as an exception to the duty of care owed by possessors of land to invitees, and in so doing, recognized that it was not foreseeable to a possessor of land that an invitee would be injured when the condition or danger was open and obvious. See *Buerkett*, 384 Ill. App. 3d at 422, 893 N.E.2d at 709.

As section 343A(1) of the Restatement indicates by its use of the language "unless the possessor should anticipate the harm despite such knowledge or obviousness," there are two limited exceptions to the open and obvious danger rule, which may apply under certain circumstances when the possessor of land has reason to anticipate or expect that an injury will occur to an invitee, despite the open and obvious nature of the danger. See Restatement (Second) of Torts §343A, Comment *f* (1965); *Ward*, 136 Ill. 2d at 148-50, 554 N.E.2d at 230-31; *LaFever*, 185 Ill. 2d at 391, 706 N.E.2d at 448; *True*, 316 Ill. App. 3d at 679-80, 737 N.E.2d at 676; *Buerkett*, 384 Ill. App. 3d at 423-24, 893 N.E.2d at 710. The first exception is the distraction exception. Restatement (Second) of Torts §343A, Comment *f* (1965); *Ward*, 136 Ill. 2d at 148-57, 554 N.E.2d at 230-34; *LaFever*, 185 Ill. 2d at 391, 706 N.E.2d at 448; *True*, 316 Ill. App. 3d at 679-80, 737 N.E.2d at 676; *Buerkett*, 384 Ill. App. 3d at 423, 893 N.E.2d at 710. "Foreseeability will be found where a landowner knows or should know an entrant may be distracted." *Buerkett*, 384 Ill. App. 3d at 423, 893 N.E.2d at 710. Under the distraction exception, the open and obvious danger rule will not apply if the possessor of land has reason to anticipate or expect that his invitee's attention will be distracted such that the invitee will fail to discover the open and obvious danger or will forget about the danger or will fail to protect himself from the danger. Restatement (Second) of Torts §343A, Comment *f* (1965); *Ward*, 136 Ill. 2d at 148-57, 554 N.E.2d at 230-34; *LaFever*, 185 Ill. 2d at 391, 706 N.E.2d at 448; *True*, 316 Ill. App. 3d at 679-80, 737 N.E.2d at 676; *Buerkett*, 384 Ill. App. 3d at 423-24, 893 N.E.2d at 710. A determination of whether the distraction exception applies requires a court to

look beyond whether a condition is open and obvious and to examine whether a defendant should have foreseen that a plaintiff was or could be distracted or forgetful. *Buerkett*, 384 Ill. App. 3d at 424, 893 N.E.2d at 710.

The second exception to the open and obvious danger rule is the deliberate-encounter exception. Restatement (Second) of Torts §343A, Comment *f* (1965); *LaFever*, 185 Ill. 2d at 391, 706 N.E.2d at 448; *True*, 316 Ill. App. 3d at 679-80, 737 N.E.2d at 676; *Buerkett*, 384 Ill. App. 3d at 423-24, 893 N.E.2d at 710. Under the deliberate-encounter exception, the open and obvious danger rule will not apply if the possessor of land has reason to anticipate or expect that the invitee will proceed to encounter an open and obvious danger because to a reasonable person in the invitee's position the advantages of doing so outweigh the apparent risk. Restatement (Second) of Torts §343A, Comment *f* (1965); *LaFever*, 185 Ill. 2d at 391, 706 N.E.2d at 448; *True*, 316 Ill. App. 3d at 679-80, 737 N.E.2d at 676; *Buerkett*, 384 Ill. App. 3d at 423-24, 893 N.E.2d at 710. The deliberate-encounter exception recognizes that individuals will make deliberate choices to encounter hazards when faced with employment concerns and that those encounters are reasonably foreseeable by possessors of property. See *LaFever*, 185 Ill. 2d at 394, 706 N.E.2d at 449; *Buerkett*, 384 Ill. App. 3d at 424, 893 N.E.2d at 710. "As with the distraction exception, the focus with the deliberate-encounter analysis is on what the landowner anticipates or should anticipate the entrant will do."[1] *Buerkett*, 384 Ill. App. 3d at 424, 893 N.E.2d at 710.

In the present case, as noted above, there is no question that the danger posed by the empty pallet was an open and obvious danger. Plaintiff takes no position to the contrary on appeal. The primary question before this court is whether, as a matter of law for summary judgment purposes, it was clear that neither of the two exceptions to the open and obvious danger rule applied in the present case. Having reviewed the record that was before the trial court, we conclude that there was no genuine issue of material fact as to either exception and that, as a matter of law, it was clear that neither exception applied in the instant case.

First, as to the distraction exception, under the circumstances of the present case, we find that defendant had no reason to expect that

---

[1]Although the focus with both the distraction exception and the deliberate-encounter exception is on what the landowner anticipates or should anticipate the entrant will do, that is not to say that the burden of proof shifts to the landowner defendant. Plaintiff retains the burden of proof. See Illinois Pattern Jury Instructions, Civil, Nos. 120.08, 120.09 (2006).

plaintiff would be so distracted that she would fail to see the holes in the pallet, would forget about the holes in the pallet, or would fail to protect herself from the danger posed by the holes in the pallet. In fact, plaintiff herself testified that she saw the pallet and the holes in the pallet, that she recognized the size of the pallet, and that she saw how high the pallet was off the ground. Contrary to the facts of *Ward*, plaintiff's testimony in the instant case also established that there was little to no delay between the time that plaintiff recognized the danger and the time when she was injured. The instant plaintiff, therefore, had no time to forget about the danger. Rather, plaintiff's own testimony established that she walked across the pallet, picked up a bag of topsoil, turned, and fell after taking her first step back toward the truck. Thus, the facts of the present case are not comparable to the facts of *Ward*. Cf. *Ward*, 136 Ill. 2d at 153-55, 554 N.E.2d at 233-34. Furthermore, as the appellate court pointed out in *True*, " '[d]istraction exception' cases generally involve situations in which the injured party is distracted from the open and obvious condition because circumstances required that she focus her attention on some other condition or hazard." *True*, 316 Ill. App. 3d at 680, 737 N.E.2d at 676. Such is not the case here. Even viewed in the light most favorable to plaintiff, no evidence was presented in the summary judgment proceeding that would establish that plaintiff was distracted at the time of the injury. In fact, plaintiff's own testimony established that she was not distracted. Plaintiff simply was not looking where she was going. Such testimony is not sufficient for the distraction exception to apply, and we conclude, therefore, that defendant could not have reasonably foreseen that plaintiff would be distracted when she was injured while immediately attempting to go back across the empty pallet. See *LaFever*, 185 Ill. 2d at 391-92, 706 N.E.2d at 448; *True*, 316 Ill. App. 3d at 680, 737 N.E.2d at 676-77; *Buerkett*, 384 Ill. App. 3d at 424, 893 N.E.2d at 710-11.

Second, as to the deliberate-encounter exception, under the circumstances of the present case, we find that the exception does not apply here. Assuming as we must for summary judgment purposes that there was no other way to access the topsoil except by crossing the empty pallet, we would still, as a matter of law, have to reject the application of the deliberate-encounter exception in this case. Plaintiff's whole argument on this issue ignores the fact that despite the location of the topsoil, plaintiff had another option available. Plaintiff could have gone into the store and asked for assistance. Moreover, as defendant correctly notes, the deliberate-encounter exception has generally been applied where the plaintiff has an economic reason for choosing to encounter the danger, such as a job require-

ment. See *LaFever*, 185 Ill. 2d at 394, 706 N.E.2d at 449; *Buerkett*, 384 Ill. App. 3d at 423-24, 893 N.E.2d at 710. No such reason exists in the present case. Nor are the facts of the present case comparable with the facts of *Simmons v. American Drug Stores, Inc.*, a case cited on appeal by plaintiff. In *Simmons*, although no economic reason existed for encountering the danger, plaintiff had to encounter the danger to leave the store area and to get to his car. See *Simmons*, 329 Ill. App. 3d at 40-41, 768 N.E.2d at 49. Here, however, there is no evidence that plaintiff had no other option available to her. Plaintiff herself admitted that she did not go into the store to seek assistance.

■ Having concluded that plaintiff's injury was not reasonably foreseeable, we must now consider the remaining three factors in the duty analysis, as cited above: (1) the likelihood of plaintiff's injury, (2) the magnitude of the burden defendant would bear if the duty were placed on defendant, and (3) the consequences of placing the burden on defendant. With regard to the likelihood of the injury, we note that the likelihood of an injury is generally considered to be slight when a condition is open and obvious because it is assumed that a person encountering the condition will appreciate and avoid the risk it presents. See *True*, 316 Ill. App. 3d at 681, 737 N.E.2d at 677-78. Since the holes in the pallet were open and obvious, we find that the likelihood of injury in this case was slight. See *LaFever*, 185 Ill. 2d at 397, 706 N.E.2d at 450; *True*, 316 Ill. App. 3d at 681, 737 N.E.2d at 677-78. We also find, contrary to plaintiff's assertion on appeal, that defendant would bear a great burden if a duty with regard to the pallet were placed upon it. To impose such a duty would require defendant to not only have an employee stationed outside but to specifically monitor the pallets in question and to immediately remove any pallet that started to run low or became empty to avoid the risk that a person might try to cross a low or empty pallet. We believe that imposing such a burden would be unreasonable, especially under the circumstances of the present case, where the plaintiff never sought assistance from anyone in the store, despite having recognized the open and obvious danger.

■ Thus, after considering all four of the factors related to whether a duty exists, we conclude as a matter of law that, under the circumstances of the present case, defendant did not owe a duty to plaintiff with regard to the empty pallet. The empty pallet posed an open and obvious danger to plaintiff and no evidence exists in this case that would support the application of either of the two exceptions to the open and obvious danger rule. We find, therefore, that the trial court properly granted summary judgment in favor of defendant. Having made that determination, we need not consider the other asser-

tions made by defendant as to this issue. We also find that plaintiff has forfeited any argument that the granting of the summary judgment motion in this case was premature. See 210 Ill. 2d R. 191(b); *Kane v. Motorola, Inc.*, 335 Ill. App. 3d 214, 225, 779 N.E.2d 302, 311 (2002); *Kimbrough v. Jewel Cos.*, 92 Ill. App. 3d 813, 819-20, 416 N.E.2d 328, 333 (1981). Plaintiff did not request a continuance in the trial court as to the summary judgment hearing and did not file a Supreme Court Rule 191(b) affidavit in the trial court attesting that she needed to conduct additional discovery in order to respond to the motion for summary judgment.

For the foregoing reasons, we affirm the judgment of the circuit court of Tazewell County.

Affirmed.

WRIGHT, J., concurs.

PRESIDING JUSTICE HOLDRIDGE, dissenting:

Defendant opened a self-service area in front of its Morton, Illinois, store. Customers were invited, or at least permitted, to drive their vehicles directly to the front of the store, where they would pick up large bags of product and then carry them a short distance to their vehicles. Customers would then park their vehicles and walk into the store to pay for the product, thus completing the transaction. However, in order to utilize the convenience of this self-service feature, the customer first had to safely traverse an obstacle which the defendant had placed on the ground directly in front of the product. The only way to access the product was by stepping onto and over the obstacle, which was in the form of a wooden device approximately four foot square and four inches in height. The surface of this device was not level. Rather, the entire surface consisted of a series of grooves running across the entire length. These grooves ran either parallel or perpendicular to the building and the product. Each of these grooves was approximately four inches deep and was just wide enough to trap a human foot. All reasonable persons would agree that the obstacle was dangerous. If a customer's foot became trapped in one of these grooves, serious injury could occur.

When Kathleen Kleiber stepped in one of the grooves while attempting to load some product into her truck, seriously injuring her leg, the defendant professed that it simply could not have seen that happening. The trial court, and the majority in the instant appeal, agreed—finding that, as a matter of law, the defendant could not have foreseen that Kathleen would choose to "deliberately encounter" the obstacle placed there by the defendant.

I disagree. I would find that it was reasonably foreseeable that an invitee would choose to deliberately encounter the obstacle placed in her path by the defendant, despite the obvious danger in doing so. Thus, I would hold that summary judgment was inappropriate.

A possessor of land owes a duty of care even in the face of a known and obvious danger if the possessor of the land should anticipate the harm despite such knowledge. *Simmons v. American Drug Stores, Inc.*, 329 Ill. App. 3d 38, 44 (2002), citing *Ward v. K mart Corp.*, 136 Ill. 2d 132, 149 (1990). Harm may be reasonably anticipated when a possessor of land "has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable [person] in [that] position the advantages of doing so would outweigh the apparent risk." *Simmons*, 329 Ill. App. 3d at 44, citing *LaFever v. Kemlite Co.*, 185 Ill. 2d 380, 391 (1998). Moreover, where a hazard is known and obvious, "liability stems from the knowledge of the possessor of the premises, and what the possessor 'had reason to expect' the invitee would do in the face of the hazard. [Citations.]" *LaFever*, 185 Ill. 2d at 392.

The majority posits two reasons for finding that it was not reasonably foreseeable that Kathleen would choose to step on the dangerous obstacle. First, Kathleen had another option available to her rather than traversing the obstacle placed in front of the product by the defendant, since she could have sought assistance from one of the defendant's employees. Second, it would only have been reasonably foreseeable to the defendant that Kathleen would choose to encounter the obstacle if her continued employment depended upon it. I disagree with both propositions.

A plaintiff need not establish that there was no reasonable alternative to encountering the dangerous condition in order to establish that the possessor of the land would have reason to expect that the invitee would choose to face the hazard. *LaFever*, 185 Ill. 2d at 393. To impose this requirement upon the plaintiff would "require a court to decide foreseeability by measuring the reasonableness of the *entrant's* actions, and not those of the landowner, even though the Restatement plainly requires otherwise." (Emphasis in original.) *LaFever*, 185 Ill. 2d at 393.

Here the question is whether a triable fact exists as to whether the defendant had a reasonable expectation that a customer would walk onto the hazardous obstacle in order to acquire the product without taking the time to seek assistance. The defendant obviously intended that customers would take advantage of the self-service op-

tion.[2] It would be reasonable to find that a customer might take advantage of that option despite the obvious danger presented by the hazard. A jury could properly conclude that the benefit in time and convenience of availing oneself of the self-service option presented by the defendant would outweigh any apparent risks, regardless of the availability of help from the defendant. Thus, I would hold that the plaintiff has presented a genuine issue of material fact as to whether the deliberate-encounter exception applies. *Simmons*, 329 Ill. App. 3d at 45; *LaFever*, 185 Ill. 2d at 391.

I also disagree with the majority's determination that the deliberate-encounter exception is not applicable in the instant matter because the plaintiff did not have an economic reason for choosing to encounter the danger, such as a job requirement. 406 Ill. App. 3d at 260. The deliberate-encounter exception does not require that the plaintiff have an economic reason for encountering the danger. *Simmons*, 329 Ill. App. 3d at 45 (customer's encounter with dangerous exit was not an economic necessity). Rather, the exception is triggered whenever the possessor of the premises has reason to expect that the invitee would choose to face the hazard despite the obvious risk. *LaFever*, 185 Ill. 2d at 392.

For the foregoing reasons, I would hold that a triable issue of fact remains as to the defendant's reasonable expectations as to whether the plaintiff would choose to deliberately encounter the hazard the defendant placed in front of the product. This triable issue of fact would preclude summary judgment. I would reverse the judgment of the circuit court and remand for further proceedings.

---

[2]It is reasonable to surmise that a merchant makes self-service options available to its customers in order to reduce the number of employees.