NO. 4-10-0776    Opinion Filed 3/23/11

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

STEVEN GARCIA and AMBER GARCIA,           )    Appeal from
         Plaintiffs-Appellants,            )    Circuit Court of
         v.                                )    Champaign County
JACK YOUNG,                                )    No. 07L153
         Defendant-Appellee.               )
                                           )    Honorable
                                           )    Richard P. Klaus,
                                           )    Judge Presiding.
_____

         JUSTICE POPE delivered the judgment of the court, with
opinion.
         Presiding Justice Knecht and Justice Turner concurred
in the judgment and opinion.

**OPINION**

         On September 8, 2010, the trial court granted defendant
Jack Young's motion for summary judgment.  Plaintiffs Steven and
Amber Garcia appeal, arguing the court erred in granting
defendant's motion because defendant owed plaintiff a duty to
warn Steven Garcia about and protect him from dangerous
conditions on defendant's property.  We affirm.

BACKGROUND

         In July 2007, the Garcias filed a two-count complaint
against Young.  In count I of the complaint, Steven sought
damages for injuries he suffered after falling in a pothole on a
private street owned by defendant.  In count II of the complaint,
Amber sought damages for loss of consortium because of her
husband Steven's injuries.  According to the complaint, Steven
lived in the Village of Ludlow on Young Street in a rental

property owned by Young. Young also owned Young Street, which was a private drive.

According to the complaint, prior to the incident in question, Steven had informed Young that Young Street was in a state of disrepair and constituted a hazard. Steven alleged Young had a duty to exercise reasonable care to keep the road in reasonably safe condition for individuals lawfully on the property. The Garcias alleged Young breached this duty by failing (1) to repair the potholes in the road, (2) to mark and identify the potholes, (3) to secure the area where the potholes were located, and (4) to warn the Garcias about the pothole. Although not noted in the complaint, Stephen's injury allegedly occurred when he entered the road to attempt to save his stepson from an approaching vehicle.

On June 15, 2010, Young filed a motion for summary judgment and a memorandum in support of his motion. For purposes of the motion for summary judgment, Young did not dispute the existence, location, or size of the pothole complained of by plaintiffs.

According to the memorandum in support of defendant's motion, Steven's injuries allegedly resulted when he stepped in a pothole approximately two feet in diameter and eight inches deep. In arguing for summary judgment, Young relied on the "open and obvious" doctrine. Young argued neither the "deliberate encounter" exception nor the "distraction" exception applied to the Garcias' claim.

In July 2010, the Garcias filed a response to Young's motion for summary judgment. The Garcias' response noted Young Street was a gravel road at the time of the incident. According to the response, Young occasionally put down new gravel, leveled out the gravel with a tractor, and placed "road pack" in the area of the potholes. The Garcias noted Young testified in his deposition he knew people walked on the road and he had concerns about children being in the street because they might get run over.

On September 8, 2010, the trial court held a hearing on Young's motion for summary judgment. The trial court noted it had Young's motion for summary judgment and a memorandum in support thereof, the Garcias' response to the motion, Young's reply to the Garcias' response, and deposition transcripts.

The trial court found the pothole clearly was an "open and obvious" condition as a matter of law. The court also found neither the "deliberate encounter" exception nor the "distraction" exception applied in this case. As a result, the court granted Young's motion for summary judgment.

This appeal followed.

## II. ANALYSIS

"To prevail on a claim of negligence, a plaintiff must prove, among other things, that defendant owed a duty of care to the plaintiff." *Kleiber v. Freeport Farm & Fleet, Inc.*, 406 Ill. App. 3d 249, 255, 942 N.E.2d 640, 646 (2010). "[W]hether a duty exists is a question of law to be decided by the court."

*Kleiber*, 406 Ill. App. 3d at 256, 942 N.E.2d at 646. Courts consider the following factors in determining whether a duty exists: "(1) the reasonable foreseeability of injury to another, (2) the reasonable likelihood of injury, (3) the magnitude of the burden that guarding against injury places on the defendant, and (4) the consequences of placing that burden on the defendant." *Kleiber*, 406 Ill. App. 3d at 256, 942 N.E.2d at 646.

As a general rule, a landowner has no duty with regard to "open and obvious" conditions. *Hope v. Hope*, 398 Ill. App. 3d 216, 220, 924 N.E.2d 581, 584 (2010). The Garcias concede, for purposes of the motion, the pothole was an "open and obvious" condition.

Our supreme court has recognized a "distraction" exception and a "deliberate encounter" exception to this general rule. *Sollami v. Eaton*, 201 Ill. 2d 1, 15-18, 772 N.E.2d 215, 223-25 (2002). The Garcias argue their situation falls under both of these exceptions and the trial court erred in granting defendant's motion for summary judgment.

A. Standard of Review

We review a trial court's decision to grant a motion for summary judgment *de novo*. *Green v. Carlinville Community Unit School District No. 1*, 381 Ill. App. 3d 207, 211, 887 N.E.2d 451, 454 (2008).

> "The purpose of summary judgment is not to try a question of fact, but rather to determine whether a genuine issue of material

- 4 -

fact exists. [Citations.] Summary judgment is appropriate only where 'the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' [Citation.]" *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 42-43, 809 N.E.2d 1248, 1256 (2004).

B. "Deliberate Encounter" Exception

Under the "deliberate encounter" exception, the "open and obvious" rule is inapplicable if the landowner has reason to anticipate or expect the invitee will proceed to encounter an "open and obvious" condition because the advantages of doing so outweigh the apparent risks to a reasonable person in the invitee's position. *Kleiber*, 406 Ill. App. 3d at 257, 942 N.E.2d at 648. The Garcias argued:

"It is undisputed that prior to the accident, Mr. Garcia was aware that potholes existed on Young Street, and believed that this particular pothole had existed for weeks [citation]. Mr. Garcia had not previously noticed this specific pothole, but he was aware that Young Street was full of similar potholes. [Citation.] Despite knowing of the existence of these potholes, Mr. Garcia

made the conscious decision to enter the street to retrieve his stepson who had entered the path of an oncoming vehicle."

However, whether Mr. Garcia deliberately encountered the street itself is not relevant as the street is not the condition which allegedly caused his injury. The pothole, not the street, was the "open and obvious" condition which allegedly caused plaintiff's injuries.

Without even discussing whether a reasonable landowner in Young's position should have reasonably anticipated an individual might deliberately encounter the pothole, the Garcias' argument fails because Steven Garcia did not deliberately encounter the pothole. In fact, Steven Garcia stated in his brief he had not specifically noticed this particular pothole.

The cases relied upon by plaintiffs are distinguishable from this case. In those cases, the plaintiffs deliberately encountered the respective "open and obvious" conditions. For example, in *Ralls v. Village of Glendale Heights*, 233 Ill. App. 3d 147, 150, 598 N.E.2d 337, 341 (1992), the plaintiff deliberately encountered a steep, snow-covered earthen incline. In *LaFever v. Kemlite Co.*, 185 Ill. 2d 380, 392, 706 N.E.2d 441, 448 (1998), the plaintiff deliberately encountered a work area covered with very slick materials. In *Rusch v. Leonard*, 399 Ill. App. 3d 1026, 1028, 927 N.E.2d 316, 319 (2010), the plaintiff deliberately encountered an "'unsecured, unprotected and unguarded'" stairwell. Since Steven

- 6 -

Garcia did not deliberately encounter the "open and obvious" condition (the pothole) in this case, this exception does not apply.

### C. "Distraction" Exception

Another exception to the "open and obvious" rule is the "distraction" exception. This exception applies if the landowner has reason to expect or anticipate that an invitee's attention will be distracted to the extent the invitee will forget about the condition or will fail to protect himself or herself from the condition. *Kleiber*, 406 Ill. App. 3d at 257, 942 N.E.2d at 647-48.

The Garcias cite *Clifford v. Wharton Business Group, L.L.C.*, 353 Ill. App. 3d 34, 44, 817 N.E.2d 1207, 1216 (2004), for the proposition a defendant does not have to create or aggravate a distraction for the "distraction" exception to be applicable. In addition, the Garcias cite *Clifford* for the proposition foreseeability of the distraction does not require foreseeability of the specific manner in which a plaintiff is distracted. *Clifford*, 353 Ill. App. 3d at 46, 817 N.E.2d at 1217-18.

However, we note *Sandoval v. City of Chicago*, 357 Ill. App. 3d 1023, 830 N.E.2d 722 (2005), distinguished *Clifford* and other similar cases. The *Sandoval* court stated:

> "[P]rimarily, in those instances where our
> courts have applied the distraction exception
> to impose a duty upon a landowner, it is

clear that the landowner created, contributed to, or was responsible in some way for the distraction which diverted the plaintiff's attention from the open and obvious condition and, thus, was charged with reasonable foreseeability that an injury might occur." *Sandoval*, 357 Ill. App. 3d at 1030, 830 N.E.2d at 729.

The facts in this case are similar to those in *Sandoval*. The plaintiff in *Sandoval* brought suit against the defendant after she injured herself by falling in a large hole in a sidewalk. *Sandoval*, 357 Ill. App. 3d at 1024, 830 N.E.2d at 724. The plaintiff relied on the "distraction" exception to the "open and obvious" rule. *Sandoval*, 357 Ill. App. 3d at 1026, 830 N.E.2d at 725. The court in *Sandoval* noted the plaintiff admitted she was only distracted from the sidewalk by her concern for the child she was babysitting who had walked out of her sight. She was not looking at the ground where she was walking. The court stated:

"Defendant in no way was responsible for, contributed to, or created this situation, which began when plaintiff brought the child outside to the parkway. Accordingly, we find that defendant owed no duty to plaintiff to warn or otherwise safeguard her from potential harm posed by the open and obvious

sidewalk defect in front of her home, where her injury resulted not from a distraction that could be reasonably anticipated by defendant but, instead, was the result of her own inattentiveness in not looking forward where she was walking." *Sandoval*, 357 Ill. App. 3d at 1031, 830 N.E.2d at 730.

The same is true in this case. The record does not reflect Young was responsible for, contributed to, or created the situation which allegedly distracted Steven Garcia.

Because plaintiff concedes the pothole was an "open and obvious" condition and we have concluded as a matter of law neither the "deliberate encounter" exception nor the "distraction" exception is applicable in this case, Young did not have a duty to either warn or protect the Garcias from the condition which allegedly caused Steven Garcia's injury.


## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.