VIVIAN OPAL TRUE, Plaintiff-Appellee, v. GREENWOOD MANOR WEST, INC., Defendant-Appellant.

Fourth District   No. 4—00—0222

Argued August 23, 2000.—Opinion filed October 4, 2000.

John L. McMullin and Greg Erickson (argued), both of Brown & James, P.C., of St. Louis, Missouri, for appellant.

Lee W. Barron (argued), of Lee W. Barron, P.C., of Alton, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

In March 1998, plaintiff, Vivian Opal True, sued defendant, Greenwood Manor West, Inc. (Greenwood), seeking damages for injuries she suffered when she tripped over a fan located inside her sister's room at a nursing home operated by Greenwood. Following a December 1999 jury verdict in True's favor, Greenwood filed a motion for judgment notwithstanding the verdict (judgment *n.o.v.*), alleging that Greenwood did not owe a duty to True. In February 2000, the trial court conducted a hearing on Greenwood's motion and denied it. Greenwood appeals, and we reverse.

## I. BACKGROUND

In her complaint, True alleged that on April 15, 1997, she was a visitor at Greenwood's nursing home. She further alleged that she sustained severe injuries to her head and body as a result of a "negligent condition of the premises."

At trial, True testified that on April 15, 1997, she went to visit her sister, who was a resident of Greenwood. When she arrived at her sister's room, her sister was not there. As True stepped into the room, she noticed a fan situated on the floor near the foot of her sister's bed. She walked past the fan and placed her purse on her sister's bed. After pausing momentarily at her sister's bed, True turned around to walk out of the room, tripped over the fan, and fell to the floor. She slid across the floor, hitting her head on the door.

On cross-examination, True acknowledged that nothing obstructed her view of the fan at the time she tripped over it, and she did not look down as she turned to leave the room.

Mary Black, a nurse at Greenwood, testified that on the day in question she responded to True's accident and found her lying on the

floor, with a large hematoma on her head. Black also saw a fan lying in the middle of the room. She did not know why the fan had been placed in the room, and she acknowledged that the fan could have been stored in some other location at Greenwood when it was not in use.

Janet Young, a nurse at Greenwood, testified that the fan, which she estimated was about two or three feet wide, was turned off at the time of the accident. She stated that the fan could have been moved from the foot of the patient's bed when not in use.

Linda Franklin, director of nursing at Greenwood, testified that, about 10 days prior to the accident, a night nurse had placed the fan in the room to cool off True's sister's roommate, who was suffering from congestive heart failure, a condition that frequently makes patients feel uncomfortably warm. Franklin did not know when the fan had last been used. Franklin stated that there would be no reason to remove the fan, which she estimated was 20 inches square, from a patient's room when she temporarily leaves.

Lela Thompson, True's niece, testified that she had frequently visited True's sister at Greenwood during the two- or three-week period prior to the accident. During those visits, she had noticed the fan in the room, where it was positioned up against True's sister's dresser. Thompson never had any problem seeing or walking past it.

Other evidence described True's course of treatment following the accident and her medical problems since the accident.

In December 1999, the jury returned a verdict in True's favor and assessed her damages at $57,600. The jury also found True 50% negligent and accordingly fixed her recoverable damages at $28,800.

Greenwood subsequently filed a motion for judgment *n.o.v.*, alleging that because the fan was an "open and obvious" condition, it did not owe a duty to True. In February 2000, the trial court conducted a hearing on the motion and denied it.

This appeal followed.

## II. THE TRIAL COURT'S DENIAL OF GREENWOOD'S MOTION FOR JUDGMENT NOTWITHSTANDING THE JURY'S VERDICT

Greenwood argues that the trial court erred by denying its motion for judgment *n.o.v.* on the question of whether Greenwood owed a duty to True. Specifically, Greenwood contends that (1) True encountered an "open and obvious" condition on Greenwood's property in the form of the fan; and (2) Greenwood owed no duty of care to protect True from injuries arising from an open and obvious condition. We agree.

■ A trial court should not grant a motion for judgment *n.o.v.* un-

less "all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14 (1967).

■ The existence of a duty is essential to a claim sounding in negligence, and whether a duty exists is a question of law. *LaFever v. Kemlite Co.*, 185 Ill. 2d 380, 388, 706 N.E.2d 441, 446 (1998). In determining whether a duty exists, a court should consider the following factors: (1) the reasonable foreseeability of injury, (2) the reasonable likelihood of injury, (3) the magnitude of the burden that guarding against injury places on the defendant, and (4) the consequences of placing that burden on the defendant. *LaFever*, 185 Ill. 2d at 389, 706 N.E.2d at 446.

■ When a plaintiff alleges—as in this case—that an injury was caused by a condition on the defendant's property, and the plaintiff was an invitee on the property, the foreseeability prong set forth above is decided pursuant to section 343 of the Restatement (Second) of Torts (hereafter Restatement) (Restatement (Second) of Torts § 343 (1965)). *LaFever*, 185 Ill. 2d at 389, 706 N.E.2d at 447. That section provides as follows:

> "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger." Restatement § 343, at 215-16.

In *Ward v. K mart Corp.*, 136 Ill. 2d 132, 150-51, 554 N.E.2d 223, 231-32 (1990), the supreme court adopted section 343A of the Restatement, which provides an "open and obvious hazard" exception to the duty of care set forth in section 343. Section 343A(1) provides as follows:

> "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement § 343A(1), at 218.

A possessor of land may have reason to anticipate harm to invitees from known or obvious dangers if the possessor has reason to expect that (1) the invitee's attention may be distracted, so that he will not discover what is obvious or will forget what he has discovered or fail

to protect himself against it (*Ward*, 136 Ill. 2d at 149-50, 554 N.E.2d at 231), or (2) "the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk" (Restatement § 343A, Comment *f*, at 220; see also *LaFever*, 185 Ill. 2d at 391, 706 N.E.2d at 448 (applying the "deliberate encounter exception")).

■ In the present case, Greenwood had no reason to expect that True's attention would be distracted to the extent that she would forget that the fan was there or would fail to protect herself from it. "Distraction exception" cases generally involve situations in which the injured party is distracted from the open and obvious condition because circumstances required that she focus her attention on some other condition or hazard. See, *e.g.*, *Ward*, 136 Ill. 2d at 153-54, 554 N.E.2d at 233 (it was reasonably foreseeable that a customer would collide with a concrete post while exiting the defendant's store carrying a large item that could obscure his view of the post). Here, however, no circumstances existed that required True to focus her attention on anything other than walking past the fan. True offered no evidence that she was distracted by anything when she tripped over the fan. In addition, the evidence showed that (1) the fan was plainly visible; (2) True saw the fan when she entered her sister's room; (3) she initially walked past it without any problem; (4) she paused only momentarily before turning around to leave the room; (5) nothing obstructed her view of the fan at the time she tripped over it; and (6) she simply did not look down as she turned to leave the room. We therefore conclude that Greenwood could not have reasonably foreseen that True would be distracted as she turned around to walk past the fan.

In so concluding, we note that illustration 1 to comment *e* of section 343A of the Restatement is very much on point. In that illustration, a company has a large front door, which is made of heavy plate glass. The door is well lighted and plainly visible, and it is obvious to anyone exercising ordinary attention and perception. A customer, while preoccupied with his own thoughts, mistakes the glass for an open doorway and runs into it, injuring himself. The illustration concludes that the company is not liable to the customer. The comments and illustrations to section 343A thus support the position that "[i]n the ordinary case, an invitee who enters land is entitled to nothing more than knowledge of the conditions and dangers he will encounter if he comes." Restatement § 343A, Comment *e*, at 219.

Likewise, the second section 343A exception does not apply under the facts of the present case. As earlier stated, the deliberate encounter exception gives rise to a duty if the possessor of the land has reason to expect that the invitee will proceed to encounter the known danger

because to a reasonable person in his position the advantages of doing so would outweigh the apparent risk. See, *e.g., LaFever,* 185 Ill. 2d at 395, 706 N.E.2d at 449 (in which the supreme court applied the deliberate encounter exception because the defendant could reasonably expect that the plaintiff would choose to walk on slippery debris, risking a fall, to fulfill his obligation to his employer and consequently keep his job). Here, no evidence was presented—nor does True contend—that she made a deliberate choice to proceed in the face of some danger presented by the fan. Instead, like the customer in illustration 1 of comment *e* of section 343A, True inadvertently walked into an object that was plainly visible and obvious to anyone exercising ordinary attention and perception.

We reject True's contention that the open and obvious exception to the duty of care does not apply in this case. Relying on this court's decision in *Reed v. Wal-Mart Stores, Inc.,* 298 Ill. App. 3d 712, 700 N.E.2d 212 (1998), True claims that when a possessor places and leaves a "dangerous hazard" on his property, "no issues of open and obvious need to be addressed." True's reliance on *Reed* is wholly misplaced. The defendants in *Reed* did not argue that the condition in that case (a rusty nail protruding from a board lying in a pathway of Wal-Mart's garden area) was "open and obvious." The issue in *Reed* was whether a plaintiff is required to prove that the defendant had actual or constructive notice of a nonobvious dangerous condition. The *Reed* court held that the plaintiffs were not required to prove notice where they had presented at least some evidence that the dangerous condition had been placed on the premises through the defendant's negligence. *Reed,* 298 Ill. App. 3d at 716-17, 700 N.E.2d at 214-15. *Reed* simply does not support True's claim that the open and obvious condition exception does not apply when the defendant has placed and left the condition on his premises.

Having concluded that True's injury was not reasonably foreseeable, we now turn to the remaining three factors in the duty analysis: (1) the likelihood of True's injury, (2) the magnitude of the burden Greenwood would bear were we to place the duty on it, and (3) the consequences of placing the burden on Greenwood.

The likelihood of an injury is generally considered slight when a condition is open and obvious because it is assumed that persons encountering such a condition will appreciate and avoid the risk it presents. *Ward v. Mid-American Energy Co.,* 313 Ill. App. 3d 258, 261, 729 N.E.2d 861, 863 (2000). Because the fan in this case was an open and obvious condition, we conclude that the likelihood of injury was slight.

We further conclude that it would be impractical for Greenwood

staff members to remove the fan each and every time the nursing home resident leaves her room or does not need the fan. Further, although the cost of removing the fan when it is not in use would be slight, the cost of taking like measures with respect to other similar objects or pieces of medical equipment with which inattentive visitors might collide would indeed be great.

In light of the foregoing considerations, we conclude that Greenwood did not owe a duty to True. We therefore hold that the trial court erred by denying Greenwood's motion for judgment *n.o.v.*

Because we have concluded that the trial court erred by denying Greenwood's motion for judgment *n.o.v.*, we need not address Greenwood's arguments that the court erred by denying its motions for summary judgment and directed verdict.

## III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment.

Reversed.

GARMAN and KNECHT, JJ., concur.