# Illinois Official Reports

## Appellate Court

---

### *Bulduk v. Walgreen Co.*, 2016 IL App (1st) 150166-B

---

| | |
|---|---|
| Appellate Court Caption | SAIME SEBNEM BULDUK and ABDULLAH BULDUK, Plaintiffs-Appellants, v. WALGREEN COMPANY, an Illinois Corporation, Defendant-Appellee. |
| District & No. | First District, First Division<br>Docket No. 1-15-0166 |
| Filed | August 29, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-L-001069; the Hon. Daniel T. Gillespie, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part; remanded for further proceedings. |
| Counsel on Appeal | Lane, Le Brocq & Lange, LLP (Stephen K. Le Brocq and Nicholas Lange, of counsel), and Lane Keyfli Law, Ltd. (Nejla K. Lane, of counsel), both of Chicago, for appellants.<br><br>Sanchez Daniels & Hoffman LLP, of Chicago (John J. Piegore and Edric S. Bautista, of counsel), for appellee. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion.<br>Presiding Justice Cunningham concurred in the judgment and opinion.<br>Justice Connors dissented, with opinion. |

**OPINION**

¶ 1    Plaintiff Saime Sebnem Bulduk appeals the order of the trial court granting defendant Walgreen Company's (Walgreen) motion for summary judgment on her complaint alleging negligence, negligent spoliation of evidence, and *res ipsa loquitur*. On appeal, plaintiff argues that the trial court erred in granting summary judgment because a genuine issue of material fact exists as to whether the dangerous condition on defendant's property was open and obvious. Plaintiff also argues that Walgreen's spoliation of its surveillance tapes prevented her from establishing the facts necessary to support her negligence claim, and alternatively, that the doctrine of *res ipsa loquitur* applies to establish her negligence claim.

¶ 2    On October 15, 2015, this court issued an opinion affirming in part, and reversing in part, the trial court's judgment. Defendant filed a petition for rehearing, which this court denied. Defendant then filed a petition to the supreme court that was denied on March 30, 2016. However, the supreme court issued a supervisory order, directing this court to vacate its judgment in the matter and to reconsider in light of *Bruns v. City of Centralia*, 2014 IL 116998. Accordingly, we vacated our October 15, 2015, judgment and issue this opinion in its stead. Upon reconsideration, we find *Bruns* distinguishable and therefore, for the following reasons, we reverse the judgment of the trial court on the negligence claim, affirm on the claim for negligent spoliation of the evidence, and remand for further proceedings.

¶ 3                                    JURISDICTION

¶ 4    The trial court entered its final order disposing of the case on December 15, 2014. Plaintiffs filed their notice of appeal on January 13, 2015. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 and 303 governing appeals from final judgments entered below. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008).

¶ 5                                    BACKGROUND

¶ 6    On April 28, 2010, plaintiff entered a Walgreen store to purchase cosmetics products. The cosmetics display began near the door of the store and continued "all the way almost to the end." Plaintiff entered the store to purchase nail polish and browse the makeup selection. While in the cosmetics aisle, plaintiff noticed a large, plugged-in cleaning machine placed in the middle of the aisle. She "went around it, and [she] was looking at this [*sic*] items in the wall—on the wall" when "something hit [her] right where the tailbone is. It was a very heavy piece of equipment, and [she] noticed that it was just falling on [her]." After the incident, plaintiff experienced intense pain in her neck, lower back, and occasionally in her leg. She stated in her deposition that she still experiences pain and is "only living like ten—20 to 30 percent of [her] life the way [she] used to live."

¶ 7    Nathan John Tauber was the store manager when the incident occurred. He stated that he did not generally give directions to employees of Brite Site, an independent company Walgreen hired to clean the store in question. He stated, however, that he would not "allow them to park [the cleaning machines] in front of—in front of the entrance or exit where people can't get in" and that the store's policy is to not allow Brite Site to "run the machines while the store is open."

¶ 8    On January 31, 2012, plaintiff filed her original negligence complaint against defendant Walgreen. Thereafter, plaintiff filed several amended complaints. In her third and final amended complaint, she alleged four counts against Walgreen: (1) negligence, (2) negligent spoliation of evidence, (3) *res ipsa loquitur*, and (4) loss of consortium. With respect to negligence, plaintiff alleged that while browsing the cosmetics aisle at a Walgreen store, she was hit by a cleaning machine that had been left in the middle of the aisle. The machine had fallen and hit her lower back, causing permanent injuries. Plaintiff's negligent spoliation of evidence claim alleged that Walgreen failed to download or preserve camera footage from the store's surveillance system on the day of the incident. Plaintiff also alleged that a presumption of negligence existed, pursuant to *res ipsa loquitur*, because the injury resulted from a cleaning machine under Walgreen's control and the individuals operating the machine on the day in question left the country after learning of their forthcoming depositions. Finally, plaintiff alleged loss of consortium for her husband, plaintiff Abdullah Bulduk, based on her injuries.

¶ 9    Walgreen filed motions for summary judgment as to the negligence, negligent spoliation of evidence, and *res ipsa loquitur* counts. It also filed a motion to dismiss plaintiff's claim for loss of consortium.[1] In its motion for summary judgment as to negligence, Walgreen claimed that the cleaning equipment injuring plaintiff was owned by Brite Site, a company Walgreen hired to clean the store in question. Walgreen argued that it did not owe a duty to plaintiff, since it exercised no control over Brite Site employees, their work, or Brite Site's cleaning machines. Walgreen further argued that Brite Site was an independent contractor that retained control over its own activities, and its employees were not employees, agents, or servants of Walgreen. In response, plaintiff argued that Walgreen was liable because it retained a supervisory power to prevent Brite Site from using its cleaning machines in a harmful manner, and Walgreen provided cleaning supplies to Brite Site which were required for the operation of the cleaning machine at issue. Walgreen replied that it did not supervise the work of Brite Site and therefore had no liability.

¶ 10    In its motion for summary judgment as to negligent spoliation of evidence, Walgreen claimed that it did not have a duty to preserve evidence unless plaintiff could establish that an agreement, contract, statute, special circumstance, or voluntary undertaking had given rise to a duty to preserve the evidence, and that a reasonable person in Walgreen's position should have foreseen that the evidence was material to a potential civil action. Walgreen argued that plaintiff could not establish these factors because the surveillance footage at issue did not record the area of the store where the injury occurred, and therefore a reasonable person would not foresee that such evidence would be relevant to a cause of action. Plaintiff responded that based on the evidence, a minimum of three cameras could have captured the incident and the only surveillance downloaded was the tape by the entrance of the store.

¶ 11    In its motion for summary judgment as to *res ipsa loquitur*, Walgreen argued that it did not owe plaintiff a duty of care, and thus the claim must fail. Plaintiff responded that Walgreen exercised control over the cleaning machine at issue and allowed Brite Site to bring the machine in the store while customers were shopping, thus rendering the doctrine of *res ipsa loquitur* applicable.

¶ 12    The trial court granted Walgreen's motions for summary judgment as to the negligence claim, the negligent spoliation of evidence claim, and the *res ipsa loquitur* claim. We assume

_____
[1]Loss of consortium is not an issue on appeal.

each of these motions were granted without a hearing, as no transcripts of any hearings are included in the record on appeal. Plaintiff now appeals.

¶ 13                                           ANALYSIS

¶ 14    Plaintiff contends that the trial court erred in granting summary judgment in favor of Walgreen on plaintiffs' negligence claims. Summary judgment is proper where the pleadings, depositions, admissions, and affidavits on file, viewed in the light most favorable to the nonmoving party, show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Cochran v. George Sollitt Construction Co.*, 358 Ill. App. 3d 865, 872 (2005). Summary judgment is not proper where material facts are in dispute or reasonable persons might draw different inferences from the undisputed facts. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 43 (2004). We review the trial court's grant of summary judgment *de novo*. *Cochran*, 358 Ill. App. 3d at 872.

¶ 15    To state a cause of action for negligence, plaintiff must show that defendant owed her a duty, defendant breached that duty, and defendant's breach was the proximate cause of plaintiff's injury. *Hills v. Bridgeview Little League Ass'n*, 195 Ill. 2d 210, 228 (2000). Generally, a business operator owes its invitees a duty to exercise reasonable care in maintaining the premises in a reasonably safe condition for use by its invitees. *Ward v. K mart Corp.*, 136 Ill. 2d 132, 141 (1990). To determine whether a duty exists, we consider the following factors: (1) the foreseeability that defendant's conduct will result in injury to another; (2) the likelihood of injury; (3) the burden of guarding against injury; and (4) the consequences of placing such a burden on defendant. *Green v. Jewel Food Stores, Inc.*, 343 Ill. App. 3d 830, 832 (2003). However, under common law there is no duty to protect invitees against dangers that are known to them or from dangerous conditions that are open and obvious. *Ward*, 136 Ill. 2d at 142.

¶ 16    An exception to the open and obvious danger rule exists when one " 'has reason to expect that the invitee's attention may be distracted, so that [she] will not discover what is obvious, or will forget what [she] has discovered, or fail to protect [herself] against it.' " *Id.* at 149-50 (quoting Restatement (Second) of Torts § 343A cmt. f, at 220 (1965)). In these cases, the fact that the danger is known or obvious is not " 'conclusive in determining the duty of the possessor, or whether [it] has acted reasonably under the circumstances.' " *Id.* at 150 (quoting Restatement (Second) of Torts § 343A cmt. f, at 220 (1965)). The supreme court in *Ward* held that in determining whether the distraction exception applies, the proper inquiry is "whether the defendant should reasonably anticipate injury to those entrants on [its] premises who are generally exercising reasonable care for their own safety, but who may reasonably be expected to be distracted *** or forgetful of the condition after having momentarily encountered it." *Id.* at 152. As will be discussed later in the opinion, we find it reasonably foreseeable that a customer at a Walgreen store would actually be distracted while searching for items on a shelf and not notice the open and obvious danger posed by a large cleaning machine left in the middle of the shopping aisle.

¶ 17    *Bruns* is distinguishable on the facts and does not compel a different result. In *Bruns*, the plaintiff parked on the street in front of an eye clinic where she had an appointment. *Bruns*, 2014 IL 116998, ¶ 4. As she walked toward the clinic, she stubbed her toe on a crack in the sidewalk, which caused her to fall and injure her arm, leg, and knee. *Id.* When she fell, the plaintiff was looking at the door of the clinic and the steps. She noticed the defect in the

- 4 -

sidewalk on her visits to the clinic in the past three months, and was certain she noticed it on the day of the incident. *Id.*

¶ 18 The plaintiff filed a negligence complaint against the city for failure to maintain, inspect, and repair the sidewalk and for permitting it to remain in a dangerous condition. The city filed a motion for summary judgment, arguing that the defect was an open and obvious danger and therefore it was not required to foresee, or protect the plaintiff from, the dangerous condition. *Id.* ¶¶ 5, 6. The trial court granted the summary judgment motion, but on appeal the appellate court reversed, finding that the city had a duty to fix the defect and whether it breached its duty was a question of fact. *Id.* ¶ 9. The appellate court also found that the distraction exception to the open and obvious danger argument applied. *Id.*

¶ 19 The supreme court discussed the distraction exception, noting that the exception applied only "where evidence exists from which a court can infer that plaintiff was actually distracted." *Id.* ¶ 22. The court then acknowledged that it "has not adopted a precise definition of what constitutes 'distraction' for purposes of" the distraction exception, but it would review case law for "general observations" about the exception. *Id.* ¶ 23.

¶ 20 The supreme court looked at *Ward*, 136 Ill. 2d 132 (plaintiff injured when he collided with a five-foot tall post located outside the customer entrance while carrying a large mirror he purchased), *Deibert v. Bauer Brothers Construction Co.*, 141 Ill. 2d 430 (1990) (plaintiff injured when he stepped into a deep tire rut as he exited a portable bathroom because he was looking out for material being thrown off a nearby balcony), *Rexroad v. City of Springfield*, 207 Ill. 2d 33 (2003) (plaintiff injured when he stepped into a hole in a parking lot adjacent to the football field after being instructed to take a helmet to a player), and *American National Bank & Trust Co. of Chicago v. National Advertising Co.*, 149 Ill. 2d 14 (1992) (plaintiff, a billboard painter, was electrocuted when he came into contact with a low-hanging high-voltage power line while walking on the walkrail). *Bruns*, 2014 IL 116998, ¶¶ 24-27.

¶ 21 After analyzing these cases, the court concluded that "[i]n each of these cases, some circumstance was present that required the plaintiff to divert his or her attention from the open and obvious danger" and the defendant could reasonably foresee the distraction. *Id.* ¶¶ 28, 29. Unlike the plaintiffs in those cases, the plaintiff in *Bruns* "failed to identify *any* circumstance, much less a circumstance that was reasonably foreseeable by the City, which required her to divert her attention from the open and obvious sidewalk defect." (Emphasis in original.) *Id.* ¶ 30. Rather, the only distraction was that the plaintiff was looking at the door and steps of the clinic rather than at the sidewalk. The supreme court concluded "that the mere fact of looking elsewhere does not constitute a distraction." *Id.* ¶ 22.

¶ 22 Defendant Walgreen welcomes customers like plaintiff to its store to browse and purchase items. Plaintiff here stated that she was in the store for the purpose of browsing and purchasing cosmetics. The large cosmetics section started near the door and continued "all the way almost to the end." Plaintiff browsed the makeup selection and noticed a large, plugged-in cleaning machine placed in the middle of the aisle. She "went around it," as she continued to browse the section looking for her items. While she reached for items on the shelf, plaintiff alleges that the cleaning machine struck her in her back. She alleges that her focus on finding the cosmetic items she wanted to purchase distracted her from noticing the danger the machine posed.

¶ 23 Unlike the plaintiff in *Bruns*, plaintiff was performing a task, supported by defendant, in looking at the cosmetics on the shelf; she was not merely "looking elsewhere." Defendant also knew the cleaning machines were being used at its store on the day in question, and recognized

that the machines could pose a risk to customers. The store manager stated that he would not "allow them to park [the cleaning machines] in front of—in front of the entrance or exit where people can't get in" and that the store's policy is to not allow Brite Site to "run the machines while the store is open."

¶ 24    The parties disagree on whether plaintiff was actually distracted so as to invoke the distraction exception to the open and obvious danger rule. Although plaintiff acknowledges she noticed the cleaning machine, she alleges that she was distracted by the task at hand from recognizing the danger it posed. "Whether in fact the condition itself served as adequate notice of its presence or whether additional precautions were required to satisfy the defendant's duty are questions properly left to the trier of fact." *Ward*, 136 Ill. 2d at 156. "[W]hen a court cannot conclude as a matter of law that a condition posed an open and obvious danger, then 'the obviousness of the danger is for the jury to determine.' " *Duffy v. Togher*, 382 Ill. App. 3d 1, 8 (2008) (quoting *Klen v. Asahi Pool, Inc.*, 268 Ill. App. 3d 1031, 1044 (1994)). Since a genuine issue of material fact exists, the trial court's grant of summary judgment was erroneous.

¶ 25    Defendant disagrees, citing *True v. Greenwood Manor West, Inc.*, 316 Ill. App. 3d 676, 680 (2000), *Kleiber v. Freeport Farm & Fleet, Inc.*, 406 Ill. App. 3d 249, 259 (2010), and *Kuhn v. Goedde*, 26 Ill. App. 2d 123, 126 (1960). However, these cases are distinguishable. In *True* and *Kleiber*, the plaintiffs offered no evidence or testimony that they were distracted from noticing the dangerous conditions. In *Kuhn*, there was no evidence that the land owner even knew that the tractor causing the injury was on the premises on the day of the accident. We are not persuaded by defendant's argument here.

¶ 26    Our dissenting colleague (*infra* ¶ 35) states, "there was no question that the presence of the cleaning machine" in the middle of the aisle was an open and obvious danger. However, like the trial court's ruling, that is a conclusion based on personal opinion without any explanation as to how and upon what factors the "open and obvious danger" conclusion was reached. We can only say that without question there existed a cleaning machine in the middle of the aisle. Upon hearing all the evidence reasonable persons may very well conclude either result, but most importantly it is a question of fact to be determined by the trier of fact. Furthermore, "[t]he existence of an open and obvious danger is not an automatic *per se* bar to the finding of a legal duty on the part of a defendant." *Bruns*, 2014 IL 116998, ¶ 19 (courts must still apply traditional duty analysis to the particular facts of a case, even where the danger was open and obvious). We have already discussed foreseeability. If there was a reasonable likelihood of injury from accidents involving the large machine, the burden of guarding against such injury for defendant would not be significant or costly. Defendant need only ensure that the machines are not out or in use while the store is open to customers, which appears to be its normal policy according to the store manager's testimony. Therefore, finding a duty on the part of defendant here to protect its customers from the dangers of a cleaning machine regularly used in its business is justified, even if the machines pose an open and obvious danger.

¶ 27    Plaintiff also contends that the trial court erred in granting summary judgment on her negligent spoliation claim. A defendant may owe "a duty of due care to preserve evidence if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action." *Boyd v. Travelers Insurance Co.*, 166 Ill. 2d 188, 195 (1995). Furthermore, in a negligence claim involving the loss or destruction of evidence, plaintiff must allege sufficient facts showing that such loss or destruction caused her to be unable to prove her underlying suit. *Id.* at 196.

¶ 28      In her complaint, plaintiff alleged "[o]n information and belief" that video evidence of the accident existed but was not preserved by defendant. However, in its motion for summary judgment, defendant stated that all surveillance video footage from the evening of the accident was reviewed, and any footage showing plaintiff was sent to the insurer. The only footage showing plaintiff was when she entered and exited the store. The two cameras that would have captured footage in the cosmetics area were not focused on the section where plaintiff was injured. This testimony is undisputed. Since the video footage did not record the incident, its loss or destruction could not cause plaintiff to be unable to prove her case. Therefore, summary judgment as to the negligent spoliation claim was proper. Due to our disposition of the case, we need not address plaintiff's contention in the alternative that the doctrine of *res ipsa loquitur* applies to establish her negligence claim.

¶ 29      For the foregoing reasons, the judgment of the circuit court is affirmed in part and reversed in part, and the cause remanded for further proceedings.

¶ 30      Affirmed in part and reversed in part; remanded for further proceedings.

¶ 31      JUSTICE CONNORS, dissenting.

¶ 32      The majority opinion concludes that summary judgment in favor of Walgreen was improper on plaintiff's claim of negligence because she established a triable issue as to whether Walgreen owed her a duty. As the majority notes, there are certain factors that our supreme court has identified as relevant to the existence of a duty: the "reasonable foreseeability" of injury, the likelihood of injury, the magnitude of the burden of guarding against it, and the consequence of placing that burden upon defendant. *Ward v. K mart Corp.*, 136 Ill. 2d 132, 140-41 (1990).

¶ 33      The first factor in determining duty is foreseeability, as no legal duty arises unless the harm is reasonably foreseeable. *Kleiber v. Freeport Farm & Fleet, Inc.*, 406 Ill. App. 3d 249, 256 (2010). In a situation where a plaintiff alleges that an injury was caused by a condition of the defendant's property, and the plaintiff was an invitee on the property, whether the injury is reasonably foreseeable is governed by section 343 of the Restatement (Second) of Torts, which sets forth the general rule on the duty of care owed by possessors of land to invitees. *Id.* Section 343 provides:

> "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> >
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> >
> > (c) fails to exercise reasonable care to protect them against the danger." Restatement (Second) of Torts § 343 (1965).

¶ 34      An exception to this general rule is set forth in section 343A of the Restatement, which provides as follows:

> "A possessor of land is not liable to his invitees for physical harm caused by any activity or condition on the land whose danger is known or obvious to them, unless the

possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343A(1) (1965).

¶ 35    Illinois courts adopted this "known and obvious" danger rule as an exception to the duty of care owed by possessors of land to invitees, recognizing that it was not foreseeable to a possessor of land that an invitee would be injured when the condition or danger was open and obvious. *Kleiber*, 406 Ill. App. 3d at 257. Our supreme court has noted, and the comments to section 343A state, that the word "known" denotes the existence of the condition or activity, as well as the danger it involves, and that the word "obvious" means that both the condition and the risk would be recognized by a reasonable man exercising ordinary perception, intelligence, and judgment. *Deibert v. Bauer Brothers Construction Co.*, 141 Ill. 2d 430, 435 (1990); Restatement (Second) of Torts § 343A, cmt. b (1965). Here, plaintiff's own testimony during her deposition was that she saw the cleaning machine in the middle of the aisle, and that it was on stable ground and did not look like it was going to fall. Accordingly, I would find that there was no question that the presence of the cleaning machine, and any danger it may have presented, was known and obvious. See *True v. Greenwood Manor West, Inc.*, 316 Ill. App. 3d 676, 680 (2000) (evidence showed that the fan was plainly visible, that plaintiff saw the fan when she entered the room and initially walked past it without any problem, and nothing obstructed her view).

¶ 36    However, there are two limited exceptions to this "known and obvious" danger rule. The exception applicable to the case at bar is the distraction exception, which is that foreseeability may be found where a landowner knows or should know that an entrant may be distracted, such that the entrant may fail to discover the known and obvious danger or will forget what she has discovered. *Kleiber*, 406 Ill. App. 3d at 257.

¶ 37    In *True*, 316 Ill. App. 3d at 680, this court found that the distraction exception did not apply where plaintiff offered no evidence that she was distracted when she tripped over a fan that was plainly visible, and that plaintiff saw when she entered the room and initially walked past without any problem. Similarly in *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 30, our supreme court found that the plaintiff, who tripped on a defect in the sidewalk while walking into a clinic, failed to identify any circumstances, much less one that was reasonably foreseeable by the City, which required her to divert her attention from the open and obvious defect, or otherwise prevented her from avoiding the defect. In *Bruns*, the only circumstance upon which plaintiff relied was that she was not looking at the sidewalk, but rather toward the door and steps of the clinic. *Id.* Our supreme court found that simply looking elsewhere does not constitute a legal distraction, and that if it did, the distraction exception would swallow the open and obvious rule. *Id.* ¶ 34.

¶ 38    Here, there was no evidence presented in the pleadings that would establish that plaintiff was distracted at the time of her alleged injury, such that she failed to discover the cleaning machine in the aisle or that she forgot that it was there. In fact, as stated above, plaintiff admitted in her deposition testimony that she saw the cleaning machine in the middle of the aisle and that she purposefully walked around the cleaning machine to avoid coming in contact with it. Plaintiff also failed to present any evidence or testimony that she became so distracted after having encountered the cleaning machine or that she had forgotten about its presence. While plaintiff alleged that she was looking at merchandise, this should not negate the fact that she saw the cleaning machine and purposely walked around it. The presence of merchandise on the shelves should not automatically constitute a legal distraction to customers. To me, this is

not a set of circumstances in which the narrow distraction exception would apply, and I would find that plaintiff's injury was not reasonably foreseeable.

¶ 39 Turning to the remaining three factors in the duty analysis as cited above—the likelihood of plaintiff's injuries, the magnitude of the burden defendant would bear if the duty were placed on defendant, and the consequences of placing the burden on defendant—I would then note that the likelihood of injury is generally considered to be slight when a condition is open and obvious because it is assumed that a person encountering the condition will appreciate and avoid the risk it presents. *Kleiber*, 406 Ill. App. 3d at 260 (citing *True v. Greenwood Manor West, Inc.*, 316 Ill. App. 3d 676, 681 (2000)). Since the cleaning machine sitting in the middle of the aisle was open and obvious, I would find that the likelihood of injury in this case was slight.

¶ 40 I also would find that to impose a duty with regard to the cleaning machine would impose a great burden on Walgreen. It would require Walgreen to constantly monitor the aisles and immediately remove anything from the aisles that a customer might come in contact with. See *True*, 316 Ill. App. 3d at 677-78 (although the cost of removing the fan, the open and obvious danger, when not in use would be slight, the cost of taking like measures with respect to other similar objects with which visitors might collide would be great).

¶ 41 In light of the foregoing considerations, I would find that Walgreen did not owe a duty to plaintiff and that the trial court did not err in granting summary judgment on the issue of negligence in favor of Walgreen.